■ GARFINKLE LIMITED PARTNERSHIP II, Respondent, v 11 MECOX BAY INN, INC., Appellant. [857 NYS2d 916]—In an action to compel specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Spinner, J.), dated January 2, 2007, which denied its motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) an order of the same court dated June 18, 2007, which denied its motion for leave to renew and reargue.

Ordered that the appeal from so much of the order dated June 18, 2007, as denied that branch of the defendant's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 9, 2007 is affirmed; and it is further,

Ordered that the order dated June 18, 2007 is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court should "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez,* 84 NY2d at 87-88). Here, the Supreme Court properly determined that the defendant failed to address the allegations in the complaint, and therefore properly denied the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7).

The Supreme Court properly denied that branch of the defendant's motion which was for leave to renew its motion to dismiss based on new evidence, as the evidence proffered would not have changed the prior determination (*see* CPLR 2221 [e]). Santucci, J.P., Covello, Belen and Chambers, JJ., concur.